UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIDNI ALFRED MOORE, | No.  2:22-cv-0758 DJC AC P |
| Plaintiff, | |
| v. | ORDER |
| RICK HILL, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

I.  Findings and Recommendations

By findings and recommendations filed December 28, 2023, the undersigned recommended this action be dismissed without prejudice based on plaintiff's failure to notify the court of his current address.  ECF No. 12.  Plaintiff has now filed objections stating that he has been moved three times in a four-month period and believes that he did submit a change of address.  ECF No. 13.  In light of plaintiff's clear intention to proceed with the case, the findings and recommendations will be withdrawn, and the undersigned will proceed to screen the complaint.

The court notes that plaintiff's objections do not identify his current address, and his address of record does not match the institution listed as his place of incarceration on the inmate

1

information website operated by the California Department of Corrections and Rehabilitation (CDCR). The Clerk of the Court will therefore be directed to update plaintiff's address of record and plaintiff is cautioned that his case may be dismissed for failure to prosecute if he fails to keep the court updated on his current address by filing a notice of change of address whenever his address changes.

II.     Application to Proceed In Forma Pauperis

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). ECF No. 7. Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

III.    Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners seeking relief against "a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal theories' or whose 'factual contentions are clearly baseless.'" Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989) (quoting Neitzke, 490 U.S. at 327), superseded by statute on other grounds as

1  stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).  The critical inquiry is whether a
2  constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.
3  Franklin, 745 F.2d at 1227-28 (citations omitted).

4  "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the
5  claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of
6  what the . . . claim is and the grounds upon which it rests.'"  Bell Atl. Corp. v. Twombly, 550
7  U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).
8  "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context
9  of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)."  Wilhelm v. Rotman,
10 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted).  In order to survive dismissal for failure
11 to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a
12 cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the
13 speculative level."  Twombly, 550 U.S. at 555 (citations omitted).  "[T]he pleading must contain
14 something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally
15 cognizable right of action."  Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur
16 R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

17 "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to
18 relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting
19 Twombly, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual
20 content that allows the court to draw the reasonable inference that the defendant is liable for the
21 misconduct alleged."  Id. (citing Twombly, 550 U.S. at 556).  In reviewing a complaint under this
22 standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg.
23 Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976) (citation omitted), as well as construe the
24 pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor,
25 Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

26     IV.    <u>Complaint</u>

27 The complaint alleges that defendants Hill, L. Johnson, Critz, Bailey, Pagon, Banke,
28 Barnes, T. Johnson, Billings, Johns, Ford, Kunkes, Marshall, and Rego violated plaintiff's

constitutional rights.  ECF No. 1.

Plaintiff alleges that on March 22, 2021, he was taking a "bird bath" in his cell when L. Johnson told him to take down the privacy curtain he had put up.  Id. at 5.  Plaintiff told her he was "bird bathing" and Johnson once again demanded he remove the curtain.  Id.  He then pulled the curtain back far enough to show his face so that Johnson could see he was discontent with her implied demands that he show his genitals, and she got upset and yelled at him to take the curtain down before she walked off.  Id.  In the week prior to this encounter, plaintiff had two additional encounters with Johnson in which she made suggestive noises or facial expressions upon seeing plaintiff's "genital imprint" and bare upper body.  Id. at 6.

The following day, plaintiff had the curtain up while using the toilet and Johnson once again yelled at him to take it down.  Id.  He pulled the curtain back to show her he was on the toilet and then put it back in place.  Id.  Johnson again told him to take the curtain down and walked off.  Id.  About ten to fifteen minutes later, Johnson returned with Billings and Johns.  Id.  Billings and Johns handcuffed plaintiff behind his back and escorted him to another location for a strip search while Johnson searched his cell and claimed to have found "spice."  Id. at 6, 11-12.  While escorting plaintiff down a flight of stairs, Billings pushed his hand into plaintiff's chest three times, each with increasing force, while asking if plaintiff was okay and saying he did not want plaintiff to fall.  Id. at 11.  Plaintiff asserts that Billings was deliberately attempting to hurt him while Johns did nothing to intervene.  Id.  Then, during the strip search, when plaintiff had to squat and cough, Billings tilted his head to view plaintiff's rectum cavity, smiled, and said "one more time, one more time," as though he was in a strip club.  Id. at 12.  Plaintiff refused and Billings concluded the search after Johns, who had been filling out paperwork, gave him an inquisitive look.  Id.

On April 8, 2021, plaintiff was interviewed by Critz regarding his sexual misconduct claim against L. Johnson.  Id. at 15.  After plaintiff explained Johnson's conduct, Critz ended the interview and told him that it was unnecessary to fill out any paperwork.  Id.  When plaintiff went to look for Critz approximately thirty to forty minutes later, Bailey handed plaintiff a rules violation report stating that he had tested positive for mirtazapine and Marshall told him he

4

brought it on himself. Id. Plaintiff asserts that the violation was fabricated and that Baily altered the dates to make it look like the violation occurred prior to his sexual misconduct complaint. Id. at 15-16. The report stated that Pagon had called Rego and told him that plaintiff had signed a medical release, after which Rego stated that plaintiff was not prescribed medication that would test positive for mirtazapine at the time of the urinalysis. Id. at 15. Plaintiff later learned that mirtazapine is a medication he had been on for over two years. Id. He asserts that Marshall requested the report and Critz signed off on it minutes after concluding his sexual misconduct interview. Id. at 16.

On April 12, 2021, plaintiff was found guilty of the violation. Id. at 17. He was not provided an investigative employee or granted any witnesses, and Barnes gave him thirteen "dispositions," which was ten over the required amount. Id. Plaintiff was later found guilty of a separate violation for drug paraphernalia based on Johnson's March 23, 2021 search of his cell. Id. Plaintiff was also not allowed an investigative employee, staff assistant, or witnesses in connection with that hearing. Id.

On April 26, 2021, Critz interviewed plaintiff again regarding the claims against L. Johnson after plaintiff called the Office of the Inspector General to make another complaint. Id. at 16. Critz became agitated with plaintiff and told him he had already declined the claim because "it didn't meet his requirements" and later destroyed the recording of the interview. Id. at 16-17.

Finally, plaintiff claims that between June 1 and August 19, 2021, his legal mail was regularly tampered with. Id. at 26.

V.      Claims for Which a Response Will Be Required

To the extent plaintiff is attempting to allege a due process claim based on the falsified charges brought against him, false statements by a correctional officer do not violate an inmate's constitutional rights and cannot, based on alleged falsity alone, support a claim under 28 U.S.C. § 1983. See Hines v. Gomez, 108 F.3d 265, 268 (9th Cir. 1997) ("[T]here are no procedural safeguards protecting a prisoner from false retaliatory accusations."). However, the allegation that Bailey, Marshall, and Critz worked in coordination to issue plaintiff a disciplinary charge

5

based on false charges because of the complaint plaintiff made against Johnson is sufficient to state a claim for retaliation against these defendants. See Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005) (retaliation claim must include allegation that defendant took adverse action against plaintiff because of his protected conduct and that the action chilled plaintiff's exercise of First Amendment rights and lacked legitimate correctional goal).

VI. Failure to State a Claim

A. Retaliation

Although plaintiff has stated a claim for retaliation against Bailey, Marshall, and Critz, he fails to state a claim for retaliation against L. Johnson based on the search of his cell and her false accusation that he had "spice" because there are no allegations demonstrating that he had made any complaints at that time. He similarly fails to state a retaliation claim against Pagon and Rego because even if the court assumes they knowingly made false statements regarding plaintiff's medications, there are no facts demonstrating that they were aware of and motivated by plaintiff's complaint against Johnson.

B. Personal Involvement

"Liability under § 1983 must be based on the personal involvement of the defendant," Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998) (citing May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980)), and "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient," Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted). Furthermore, "[t]here is no respondeat superior liability under section 1983." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (citation omitted). A supervisor may be liable for the constitutional violations of his subordinates if he "knew of the violations and failed to act to prevent them." Taylor, 880 F.2d at 1045. Finally, supervisory liability may also exist without any personal participation if the official implemented "a policy so deficient that the policy itself is a repudiation of the constitutional rights and is the moving force of the constitutional violation." Redman v. County of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (citations and quotations marks omitted), abrogated on other grounds by Farmer v. Brennan, 511 U.S. 825, 836-38 (1970).

////

Plaintiff does not make any allegations against defendants Hill, Banke, T. Johnson, Ford, or Kunkes and therefore fails to state any claims for relief against them. The court notes further notes that most of these individuals are identified as having supervisory positions, ECF No. 1 at 2, 4, and to the extent any of these defendants have been named solely based upon their positions as supervisors, this is not sufficient to state a claim.

        C.        Sexual Harassment

"Although prisoners have a right to be free from sexual abuse, . . . the Eighth Amendment's protections do not necessarily extend to mere verbal sexual harassment." Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) (internal citation omitted). While "the Ninth Circuit has recognized that sexual harassment may constitute a cognizable claim for an Eighth Amendment violation, the Court has specifically differentiated between sexual harassment that involves verbal abuse and that which involves allegations of physical assault, finding the latter to be in violation of the constitution." Minifield v. Butikofer, 298 F. Supp. 2d 900, 904 (N.D. Cal. 2004) (citing Schwenk v. Hartford, 204 F.3d 1187, 1198 (9th Cir. 2000)); Austin, 367 F.3d at 1171-72 (officer's conduct was not sufficiently serious to violate the Eighth Amendment where officer exposed himself to prisoner but never physically touched him).

Plaintiff has not alleged sufficient details to demonstrate that the harassment he experienced from either L. Johnson or Billings rose to the level of an Eighth Amendment violation and therefore fails to state a claim for relief based upon their conduct.

        D.        Right to Privacy

The Ninth Circuit has recognized that "incarcerated prisoners retain a limited right to bodily privacy." Michenfelder v. Sumner, 860 F.2d 328, 333 (9th Cir. 1988). However, while the "circuit's law respects an incarcerated prisoner's right to bodily privacy, [it] has found that assigned positions of female guards that require only infrequent and casual observation, or observation at distance, and that are reasonably related to prison needs are not so degrading as to warrant court interference." Id. at 334 (citing Grummett v. Rushen, 779 F.2d 491, 494-95 (9th Cir. 1985)). Plaintiff's allegations that L. Johnson instructed him to remove the curtain, started at his bare chest and "genital imprint," saw his face while he was washing in his cell, and had only a

brief glimpse of plaintiff on the toilet are insufficient to demonstrate that plaintiff's limited right to privacy was violated. See id. ("Evidence of female officers' role in shower duty . . . did not establish an inappropriate amount of contact with disrobed prisoners."); Grummett, 779 F.2d at 494-95 (no violation of privacy where female guards were assigned to positions where they observed unclothed male inmates when positions "require[d] infrequent and casual observation, or observation at a distance").

### E. Excessive Force and Failure to Protect

"[W]henever prison officials stand accused of using excessive physical force in violation of the [Eighth Amendment], the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson v. McMillian, 503 U.S. 1, 6-7 (1992). Although plaintiff alleges that Billings pushed his hand into plaintiff's chest in an attempt to hurt him by causing him to fall down the stairs, it does not appear that plaintiff fell down the stairs, and the facts alleged are insufficient to demonstrate that the force used by Billings was sufficient to rise to the level of an Eighth Amendment violation. Because there are insufficient facts to establish that Billings used excessive force against plaintiff or caused plaintiff any actual injury, the allegation that Johns failed to protect plaintiff from Billings also fails to state a claim for relief. See Farmer v. Brennan, 511 U.S. 825, 834 (1994) (Eighth Amendment violated where prison official is deliberately indifferent to serious risk of harm).

### F. Strip Search

A detention facility's strip-search policy is analyzed using the test for reasonableness outlined in Bell v. Wolfish, as "[t]he Fourth Amendment prohibits only unreasonable searches." Bull v. City and County of San Francisco, 595 F.3d 964, 971-72 (9th Cir. 2010) (alteration in original) (quoting Bell v. Wolfish, 441 U.S. 520, 558 (1979)). Under Bell, the court must balance "the need for the particular search against the invasion of personal rights that the search entails." Bell, 441 U.S. at 559. In order to do so, "[c]ourts must consider the scope of the particular intrusion, the manner in which it is conducted, the justification for initiating it, and the place in which it is conducted." Id. (citations omitted).

8

Plaintiff alleges that the Billings subjected him to a visual strip search in a holding cell after L. Johnson claimed to have found drugs in his cell. He provides no information regarding whether the allegedly fabricated discovery of drugs was the only reason he was subjected to a strip search or if there were other reasons justifying the search. There are also no facts indicating that the place in which the search was conducted was inappropriate or that the scope of the search exceeded a visual strip search. See Bell, 441 U.S. at 558-560 (general institutional security concerns render routine visual inspection of genitals and anus, and "squat and cough" procedure reasonable within the meaning of the Fourth Amendment). With the exception of the last portion of the search, there are no facts indicating that Billings performed the search in an unprofessional manner. With respect to plaintiff's claim that Billings told him to perform the squat and cough portion of the search a second time—and did so in a suggestive manner—there is no indication that plaintiff was actually required to squat and cough a second time and the inappropriate nature of Billings' tone, by itself, does not render the search unreasonable. See Johnson v. Carroll, No. 2:08-cv-1494 KJN, 2012 WL 2069561, at *30, 2012 U.S. Dist. LEXIS 79380 (E.D. Cal. June 7, 2012) (requiring prisoner to complete "squat and cough" portion of the strip search three times was within constitutional limits); Burton v. City of Spokane, No. 06-cv-0322 RHW, 2009 WL 772929, at *4-5, 2009 U.S. Dist. LEXIS 23185, at *12, 15 (E.D. Wash. Mar. 18, 2009) (officers executing search warrant entitled to qualified immunity because alleged comments that "[t]here is no crack in this crack" and "I wonder if he has ever been molested" made during strip search of arrestee did not rise to the level of a constitutional violation), aff'd sub nom. Burton v. Spokane Police Dep't, 383 F. App'x 671, 673 (9th Cir. 2010).

### G. Failure to Investigate

To the extent plaintiff is attempting to state a claim against Critz for failing to investigate his claims of sexual misconduct, plaintiff fails to state a claim for relief. See Gomez v. Whitney, 757 F.2d 1005, 1006 (9th Cir. 1985) ("[W]e can find no instance where the courts have recognized inadequate investigation as sufficient to state a civil rights claim unless there was another recognized constitutional right involved." (citation omitted)). There are no facts showing that Critz was aware of an ongoing violation of plaintiff's rights such that he had the opportunity

to intervene or take some other corrective action. As the Seventh Circuit has observed, "[r]uling against a prisoner on an administrative complaint does not cause or contribute to the [constitutional] violation. A guard who stands and watches while another guard beats a prisoner violates the Constitution; a guard who rejects an administrative complaint about a completed act of misconduct does not." George v. Smith, 507 F.3d 605, 609-10 (7th Cir. 2007).

      H.     Disciplinary

"Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." Wolff v. McDonnell, 418 U.S. 539, 556 (1974). However, an inmate subject to disciplinary sanctions that include the loss of good time credits must receive certain procedural protections, including the opportunity to call witnesses and assistance if he is illiterate or the matter is complex. See id. at 566, 570 (outlining required procedural protections). Although plaintiff does not specifically allege that he lost good time credits from the two violations he received, he attaches paperwork showing that he lost credits as a result of at least one of the violations. ECF No. 1 at 24. Assuming plaintiff lost credits due to both disciplinaries, he still fails to state any claims for relief. Although plaintiff asserts that he was denied witnesses, he does not identify any witnesses that he sought to have at the hearings. He further fails to demonstrate that he is illiterate or that the matters were sufficiently complex that he required assistance, and there is no right to an investigative employee. See Staggs v. Kelly, No. 2:18-cv-2843 KJN P, 2019 U.S. Dist. LEXIS 145906 at *6, 2019 WL 4034386, at *2 (E.D. Cal. Aug. 27, 2019) ("There is no federally recognized constitutional right to an Investigative Employee." (collecting cases)). Finally, even if plaintiff's due process rights were violated, he fails to allege facts linking the violation to any individual. Although plaintiff states that Barnes gave him additional ten additional "dispositions," he does not otherwise explain how Barnes was involved with his disciplinaries and he fails to identify who was responsible for any other allegedly violative conduct.

      I.     Legal Mail

Under federal law, "legal mail" entitled to First Amendment protection is narrowly defined as confidential correspondence between a prisoner and his attorney. See Keenan v. Hall,

83 F.3d 1083, 1094 (9th Cir. 2014) ("Mail from the courts, as contrasted to mail from a prisoner's lawyer, is not legal mail."). The Ninth Circuit "recognize[s] that prisoners have a protected First Amendment interest in having properly marked legal mail opened only in their presence." Hayes v. Idaho Corr. Ctr., 849 F.3d 1204, 1211 (9th Cir. 2017).

Plaintiff has failed to allege facts demonstrating that the mail that was tampered with qualified as legal mail under the First Amendment, nor has he identified any individuals responsible for tampering with this mail. Plaintiff has therefore failed to state a claim for relief based upon the opening of his legal mail outside his presence.

### VII. Leave to Amend

For the reasons set forth above, the court finds that the complaint states a claim for retaliation against defendants Bailey, Critz, and Marshall. The complaint does not state any other claims for relief against these defendants or against any other defendant. However, it appears that plaintiff may be able to allege facts to remedy this and he will be given the opportunity to amend the complaint if he desires. Plaintiff may proceed forthwith to serve defendants Bailey, Critz, and Marshall on his claim that they retaliated against him for making a sexual misconduct complaint by fabricating disciplinary charges or he may delay serving any defendant and amend the complaint.

Plaintiff will be required to complete and return the attached notice advising the court how he wishes to proceed. If plaintiff chooses to amend the complaint, he will be given thirty days to file an amended complaint. If plaintiff elects to proceed on his retaliation claim against defendants Bailey, Critz, and Marshall without amending the complaint, the court will proceed to serve the complaint. A decision to go forward without amending the complaint will be considered a voluntarily dismissal without prejudice of all other defendants and all other claims against Bailey, Critz, and Marshall.

If plaintiff chooses to file an amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights. Rizzo v. Goode, 423 U.S. 362, 370-71 (1976). Also, the complaint must allege in specific terms how each named defendant is involved. Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981).

There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make his amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes any prior complaints. Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th Cir. 2012) (claims dismissed with prejudice and without leave to amend do not have to be re-pled in subsequent amended complaint to preserve appeal). Once plaintiff files an amended complaint, any previous complaints no longer serve any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

VIII.   Plain Language Summary of this Order for a Pro Se Litigant

Your request to proceed in forma pauperis is granted. That means you do not have to pay the entire filing fee now. You will pay it over time, out of your trust account.

Some of the allegations in the complaint state claims against the defendants and some do not. You have stated a retaliation claim against defendants Bailey, Critz, and Marshall based on the false charges they made against you because of the sexual misconduct claim you made. You have not stated any other claims against Bailey, Critz, and Marshall or against any other defendant.

You have a choice to make. You may *either* (1) proceed immediately on your retaliation claim against Bailey, Critz, and Marshall and voluntarily dismiss the other claims *or* (2) try to amend the complaint. If you want to go forward without amending the complaint, you will be voluntarily dismissing without prejudice all claims except for the retaliation claim against Bailey, Critz, and Marshall. If you choose to file an amended complaint, it must include all claims you

want to bring.  Once an amended complaint is filed, the court will not look at any information in the original complaint.  **Any claims and information not in the first amended complaint will not be considered.**  You must complete the attached notification showing what you want to do and return it to the court.  Once the court receives the notice, it will issue an order telling you what you need to do next (i.e. file an amended complaint or wait for defendants to be served).

In accordance with the above, IT IS HEREBY ORDERED that:

1. The December 28, 2023 findings and recommendations (ECF No. 12) are WITHDRAWN.

2. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 7) is GRANTED.

3. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the appropriate agency filed concurrently herewith.

4. Plaintiff has stated a claim for retaliation against defendants Bailey, Critz, and Marshall.  The complaint does not state any other claims for which relief can be granted.

5. Plaintiff has the option to proceed immediately on his retaliation claim against defendants Bailey, Critz, and Marshall as set forth in Section V above, or to amend the complaint.

6. Within fourteen days of service of this order, plaintiff shall complete and return the attached form notifying the court whether he wants to proceed on the screened complaint or whether he wants to file an amended complaint.  If plaintiff does not return the form, the court will assume that he is choosing to proceed on the complaint as screened and will recommend dismissal without prejudice of all claims and defendants except for the retaliation claim against defendants Bailey, Critz, and Marshall.

7. The Clerk of the Court is directed to update plaintiff's address of record to Sierra Conservation Center, 5150 O'Byrnes Ferry Road, Jamestown, CA 95327.

DATED: January 30, 2024

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIDNI ALFRED MOORE,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>RICK HILL, et al.,<br><br>　　　　Defendants. | No.  2:22-cv-0758 DJC AC P<br><br><br>NOTICE OF ELECTION |

　　　　Check one:

\_\_\_\_\_  Plaintiff wants to proceed immediately on his retaliation claim against defendants Bailey, Critz, and Marshall without amending the complaint.  Plaintiff understands that by going forward without amending the complaint he is voluntarily dismissing without prejudice all other defendants and all other claims against Bailey, Critz, and Marshall pursuant to Federal Rule of Civil Procedure 41(a).

\_\_\_\_\_  Plaintiff wants to amend the complaint.

DATED:_____

　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　Sidni Alfred Moore
　　　　　　　　　　　　　　　　　　　Plaintiff pro se

1