UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIDNI ALFRED MOORE, | No. 2:22-cv-0758 DJC AC P |
| Plaintiff, | |
| v. | ORDER |
| RICK HILL, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se. The undersigned screened the complaint and gave plaintiff the option to proceed on the complaint as screened or to amend the complaint. ECF No. 14. Plaintiff chose to amend the complaint (ECF No. 17) and proceeded to file a third amended complaint (ECF No. 19).

I.  Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners seeking relief against "a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

Cir. 1984). "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal theories' or whose 'factual contentions are clearly baseless.'" Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989) (quoting Neitzke, 490 U.S. at 327), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000). The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. Franklin, 745 F.2d at 1227-28 (citations omitted).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citations omitted). "[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976) (citation omitted), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

II.     First Amended Complaint

The first amended complaint identifies Johnson, Critz, Pagon, and Billings as defendants. ECF No. 19 at 1.  In the complaint, plaintiff alleges that officer Bailey used excessive force by "stiff arming" him three times in the chest, causing his hair to come loose from his bun, and also made him squat and cough repeatedly during a strip search while bending down behind plaintiff and laughing.[1]  Id. at 3.  While this was occurring, Johnson searched plaintiff's cell.  Id.  Plaintiff also alleges that Johnson made multiple sexual advances toward him, demanding he remove the curtain while he was taking a "bird bath" so she could see his penis again but he refused, which led Johnson to harass him in retaliation for his refusal to give into her advances.  Id. at 4.

Plaintiff further alleges that Lieutenant Banke found him guilty of a one-year-old offense, in violation of prison regulations and he was not allowed to call a witness.  Id. at 5.  Banke, Critz, Baily, Garrett, and Marshall all allegedly colluded to give him more time on the disciplinary in retaliation for a sexual misconduct claim, and Pagon was involved in the rules violation and recorded plaintiff without his knowledge.  Id.  Plaintiff asserts that all the involved officers knew the allegations were false and that the time limits had been exceeded for the disciplinary.  Id.

Finally, plaintiff claims that Hill did nothing to address the sexual misconduct, there was a cover up and no investigation, and the higher officials were also aware of ongoing mail fraud where officers opened plaintiff's legal mail outside his presence and he was not given a letter from his attorney, and Jiru and Ostrander were allegedly "worked in collusion to tamper with [plaintiff's] mail."  Id. at 7.

III.    Failure to State a Claim

To the extent plaintiff makes allegations against individuals not named as defendants, he does not state any claims against them.  However, even if plaintiff intended all named individuals to be defendants, including those not identified as such, the complaint fails to state any cognizable claims for relief due to the vague and conclusory nature of the allegations.

////

---

[1] In the original complaint, plaintiff made these allegations against Billings.  ECF No. 1 at 11.

Plaintiff's claim that Bailey, who is not a named defendant, "stiff armed" plaintiff three times in the chest causing his hair to come loose is insufficient to establish that the force used by Bailey was sufficient to rise to the level of an Eighth Amendment violation or caused him any injury. See Hudson v. McMillian, 503 U.S. 1, 6-7 (1992) ("[W]henever prison officials stand accused of using excessive physical force in violation of the [Eighth Amendment], the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm."); Graham v. Connor, 490 U.S. 386, 396 (1989) ("Not every push or shove, even if it may later seem unnecessary" violates the Constitution).

Plaintiff also fails to allege a claim against Bailey based on his conduct during plaintiff's strip search. A detention facility's strip-search policy is analyzed using the test for reasonableness outlined in Bell v. Wolfish, as "[t]he Fourth Amendment prohibits only unreasonable searches." Bull v. City and County of San Francisco, 595 F.3d 964, 971-72 (9th Cir. 2010) (alteration in original) (quoting Bell v. Wolfish, 441 U.S. 520, 558 (1979)). Under Bell, the court must balance "the need for the particular search against the invasion of personal rights that the search entails." Bell, 441 U.S. at 559. In order to do so, "[c]ourts must consider the scope of the particular intrusion, the manner in which it is conducted, the justification for initiating it, and the place in which it is conducted." Id. (citations omitted). Plaintiff provides no facts demonstrating that the search was unjustified, that the place in which the search was conducted was inappropriate, or that the scope of the search exceeded a visual strip search. See Bell, 441 U.S. at 558-560 (general institutional security concerns render routine visual inspection of genitals and anus, and "squat and cough" procedure reasonable within the meaning of the Fourth Amendment). Moreover, with the exception of the allegation that Bailey told him to squat and cough repeatedly and laughed, there are no facts indicating that the search was performed in an unprofessional manner, and there is no indication that plaintiff was actually required to squat and cough more than once as he states he refused to do so. See Johnson v. Carroll, No. 2:08-cv-1494 KJN, 2012 WL 2069561, at *30, 2012 U.S. Dist. LEXIS 79380 (E.D. Cal. June 7, 2012) (requiring prisoner to complete "squat and cough" portion of the strip search three times was

4

1   within constitutional limits); Burton v. City of Spokane, No. 06-cv-0322 RHW, 2009 WL
2   772929, at *4-5, 2009 U.S. Dist. LEXIS 23185, at *12, 15 (E.D. Wash. Mar. 18, 2009) (officers
3   executing search warrant entitled to qualified immunity because alleged comments that "[t]here is
4   no crack in this crack" and "I wonder if he has ever been molested" made during strip search of
5   arrestee did not rise to the level of a constitutional violation), aff'd sub nom. Burton v. Spokane
6   Police Dep't, 383 F. App'x 671, 673 (9th Cir. 2010).

7       Plaintiff has also failed to allege sufficient details to demonstrate that the sexual
8   harassment by Johnson and Bailey rose to the level of an Eighth Amendment violation because it
9   involved, at most, verbal abuse. See Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004)
10  ("Although prisoners have a right to be free from sexual abuse, . . . the Eighth Amendment's
11  protections do not necessarily extend to mere verbal sexual harassment." (internal citation
12  omitted)); Minifield v. Butikofer, 298 F. Supp. 2d 900, 904 (N.D. Cal. 2004) (while "the Ninth
13  Circuit has recognized that sexual harassment may constitute a cognizable claim for an Eighth
14  Amendment violation, the Court has specifically differentiated between sexual harassment that
15  involves verbal abuse and that which involves allegations of physical assault, finding the latter to
16  be in violation of the constitution" (citing Schwenk v. Hartford, 204 F.3d 1187, 1198 (9th Cir.
17  2000))).

18      The allegations that Banke, who is not named as a defendant, violated due process in
19  relation to a disciplinary proceeding also fail to state a claim for relief.  As in the original
20  complaint, while plaintiff asserts that he was denied a witness, he does not identify any witnesses
21  that he sought to have at the hearings and the failure to conduct a disciplinary within the timelines
22  set by the prison is not a due process violation.  See Wolff v. McDonnell, 418 U.S. 539, 563-71
23  (1974) (outlining required procedural protections for disciplinary hearings).  Additionally, the
24  allegations that Banke, Critz, Baily, Garrett, and Marshall retaliated against plaintiff to give him
25  more time on the disciplinary fail to state any claims for relief because plaintiff does not provide
26  any factual details to support the allegation of retaliatory motive, nor does he provide any facts
27  regarding Pagon's involvement that would implicate a constitutional violation.  See Ivey v. Bd. of
28  Regents, 673 F.2d 266, 268 (9th Cir. 1982) ("Vague and conclusory allegations of official

participation in civil rights violations are not sufficient." (citations omitted)).

Finally, plaintiff does not state a claim based on his allegations that Hill failed to address the sexual misconduct and Jiru and Ostrander were part of ongoing mail fraud, because plaintiff does not name any of these individuals as defendants or allege facts showing that any of these individuals violated his rights. With respect to Hill, the claims appear to be based on Hill's involvement in the grievance process, and there are no facts demonstrating that he failed to intervene to stop an ongoing violation. See Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) ("inmates lack a separate constitutional entitlement to a specific prison grievance procedure" (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988)); George v. Smith, 507 F.3d 605, 609 (7th Cir.2007) ("Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation."). As to the allegations against Jiru and Ostrander, plaintiff fails to specify what these individuals did besides "work[ing] in collusion to tamper with [his] mail" and he does not allege facts demonstrating that the mail that may have been tampered with by these individuals qualified as legal mail under the First Amendment. See Keenan v. Hall, 83 F.3d 1083, 1094 (9th Cir. 2014) ("Mail from the courts, as contrasted to mail from a prisoner's lawyer, is not legal mail.").

### IV.    Leave to Amend

The complaint does not state any cognizable claims for relief and plaintiff will be given one last opportunity to file an amended complaint. If plaintiff chooses to file a second amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights. Rizzo v. Goode, 423 U.S. 362, 370-71 (1976). Also, the complaint must allege in specific terms how each named defendant is involved. Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

The court notes that the first amended complaint contains significantly less information

than the original complaint and plaintiff is reminded that the court cannot refer to a prior pleading in order to make his second amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th Cir. 2012) (claims dismissed with prejudice and without leave to amend do not have to be re-pled in subsequent amended complaint to preserve appeal). Once plaintiff files a second amended complaint, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. Plaintiff is further advised that if he wants to state a claim against an individual, he must identify them as a defendant.

V.      Motion for Appointment of Counsel

Plaintiff has requested the appointment of counsel. ECF No. 19 at 8. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

"When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (quoting Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983)). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.

Plaintiff requests appointment of counsel on the grounds that he does not know what to do and will be transferred to a fire camp soon where there is no law library and he will have less time to do legal work. ECF No. 19 at 8. These are not extraordinary circumstances warranting the

appointment of counsel. Moreover, because the complaint has been found to not state any viable claims for relief, the court is unable to evaluate plaintiff's likelihood of success on the merits at this time. For these reasons, plaintiff has not shown the existence of extraordinary circumstances warranting the appointment of counsel.

VI.  Plain Language Summary of this Order for a Pro Se Litigant

Your complaint will not be served because the facts you alleged are not enough to state a claim. You need to provide more information regarding what each defendant did and you must identify the persons you want to bring claims against as defendants. You may amend your complaint to try to fix these problems. Be sure to provide facts that show exactly what each defendant did to violate your rights or to cause a violation of your rights.

If you choose to file a second amended complaint, it must include all claims you want to bring. Once an amended complaint is filed, the court will not look at any information in the original complaint. **Any claims and information not in the second amended complaint will not be considered.**

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's first amended complaint fails to state a claim upon which relief may be granted, see 28 U.S.C. § 1915A, and will not be served.

2. Within thirty days from the date of service of this order, plaintiff may file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must bear the docket number assigned this case and must be labeled "Second Amended Complaint." Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

3. Plaintiff's motion for appointment of counsel (ECF No. 19 at 8) is DENIED.

////
////
////
////

4. The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint form used in this district.

DATED: July 16, 2024

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE