1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   SIDNI ALFRED MOORE,                        No.  2:22-cv-0758 DJC AC P

12                  Plaintiff,

13          v.                                  ORDER

14   RICK HILL, et al.,

15                  Defendants.

16

17          Plaintiff has filed a motion for the appointment of counsel and for an extension of time to

18   file an amended complaint.  ECF No. 22.  The request for an extension of time will be granted.

19   However, the request for counsel will not.

20          The United States Supreme Court has ruled that district courts lack authority to require

21   counsel to represent indigent prisoners in § 1983 cases.  Mallard v. United States Dist. Court, 490

22   U.S. 296, 298 (1989).  In certain exceptional circumstances, the district court may request the

23   voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d

24   1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

25          "When determining whether 'exceptional circumstances' exist, a court must consider 'the

26   likelihood of success on the merits as well as the ability of the [plaintiff] to articulate his claims

27   pro se in light of the complexity of the legal issues involved.'"  Palmer v. Valdez, 560 F.3d 965,

28   970 (9th Cir. 2009) (quoting Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983)).  The burden

1

of demonstrating exceptional circumstances is on the plaintiff.  Id.  Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.

Plaintiff requests appointment of counsel on the grounds that he lacks the necessary resources to proceed and does not understand what the court is asking him to do.  ECF No. 22. Although plaintiff does not identify the resources he lacks, limited access to legal resources is a circumstance common to most prisoners.  Furthermore, in screening the complaint, the court explained to plaintiff what kind of information plaintiff needed to provide to try and state claims for relief (ECF No. 21) and he has not shown that he has tried and been unable to follow the instructions provided.  For these reasons, plaintiff has not shown the existence of extraordinary circumstances warranting the appointment of counsel.

Accordingly, IT IS HEREBY ORDERED that:

1.  Plaintiff's request for the appointment of counsel (ECF No. 22) is DENIED;

2.  Plaintiff's request for an extension of time to file an amended complaint (ECF No. 22) is GRANTED; and

3.  Plaintiff shall have thirty days from the service of this order to file an amended complaint.

DATED: August 28, 2024

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

2