UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIDNI ALFRED MOORE, | No. 2:22-cv-0758 DC AC P |
| Plaintiff, | |
| v. | ORDER |
| RICK HILL, et al., | |
| Defendants. | |

Plaintiff, a former state prisoner proceeding pro se, has filed a motion for appointment of counsel. ECF No. 42. District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff. See 28 U.S.C. § 1915(e)(1); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel). The burden of demonstrating exceptional circumstances is on the plaintiff. Id.

////

1

Plaintiff requests appointment of counsel on the grounds that he is indigent, suffers from PTSD, and no longer has the assistance of other inmates now that he is out of prison. ECF No. 42. These circumstances are not uncommon to pro se litigants and, having considered the factors under Palmer, the court finds that plaintiff has failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time and the motion will be denied.

Plaintiff is advised that he remains obligated to respond to defendants' motions to revoke his in forma pauperis status and to dismiss (ECF Nos. 39, 40) or face dismissal of this case for failure to prosecute. The deadline to respond to the motions has already passed twice without a response from plaintiff.[1] Since it appears plaintiff did not receive the court's last order, he will be given one final opportunity to respond to defendants' motions.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for the appointment of counsel (ECF No. 42) is DENIED.

2. Within twenty-one days after the service of this order, plaintiff shall file and serve oppositions or statements of non-opposition to both the motion to revoke his in forma pauperis status and the motion to dismiss. Failure to comply with this order will result in a recommendation that this action be dismissed without prejudice for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

3. The Clerk of the Court is directed to send plaintiff a copy of the March 11, 2025 order (ECF No. 41) and a new non-prisoner Application to Proceed In Forma Pauperis.

DATED: April 4, 2025

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

---

[1] After plaintiff failed to file a response by the original deadline, the court provided him with another opportunity to respond (ECF No. 41), though it appears that order was returned to the court from plaintiff's current address as undeliverable. Since plaintiff's latest filing reflects that his address of record is correct, the court will attempt re-service.