UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIDNI ALFRED MOORE, | No. 2:22-cv-0758 DC AC P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| HILL, et al., | |
| Defendants. | |

Plaintiff is a former state prisoner proceeding without counsel in this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court are defendants' motions to revoke in forma pauperis status and to dismiss. ECF Nos. 39, 40.

On March 11, 2025, plaintiff was ordered to file oppositions or statements of non-opposition to both motions within twenty-one days. ECF No. 41. In the same order, plaintiff was advised that failure to comply with the court's order to file oppositions or statements of non-oppositions would result in a recommendation that this action be dismissed without prejudice for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Id.

On March 27, 2025, this order was returned from plaintiff's current address as undeliverable. A few days later, plaintiff filed a motion to appoint counsel, which reflected that his address was current. ECF No. 42.

On April 7, 2025, in denying the motion to appoint counsel, the court decided to re-serve

1

plaintiff with the March 11, 2025, order and gave plaintiff twenty-one days from the new order to file oppositions or statements of non-oppositions to both the motion to revoke his in forma pauperis status and motion to dismiss. ECF No. 43 at 2. Plaintiff was again warned that failure to comply with the court's order would result in a recommendation that this action be dismissed without prejudice for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

The twenty-one-day period has now expired, and plaintiff has not filed a response to the motion to revoke in forma pauperis status, the motion to dismiss, or otherwise responded to the court's order. In recommending this action be dismissed for failure to prosecute, the court has considered "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (citation omitted). Because this case cannot move forward without plaintiff's participation, the court finds the factors weigh in favor of dismissal.

For the foregoing reasons, IT IS HEREBY RECOMMENDED that this action be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 12, 2025

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE